## MACK *v.* LEVY *et al.*

*(Circuit Court, S. D. New York. May 20, 1890.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—OPERA-GLASS HOLDER.

Letters patent No. 268,112, issued November 28, 1882, to William Mack, for an improved opera-glass holder, consisting of a detachable handle made in telescopic sections, the end section being provided with a fastening device consisting of a piston hook and a notch on the end of the cylinder, brought together by a spring, are infringed by an opera-glass handle made in telescopic sections with a fastening device like the one in the patent operated by means of a screw.

2. SAME.

Letters patent No. 399,543, issued March 12, 1889, to William Mack, for an improved opera-glass holder, having its upper end longitudinally forked so as to spring apart slightly, and thus fit tightly into a socket in the bar of the opera-glass, is not infringed by a holder which does not have this longitudinally forked end, though it is otherwise similar to the patented device. .

In Equity.   Bill for infringement of patent.
*H. A. West*, for complainant.
*James A. Hudson*, for defendants.

SHIPMAN, J.   This is a bill in equity, based upon the alleged infringement of two letters patent to William Mack, each for an improved opera-glass holder; the first being No. 268,112, dated November 28, 1882, and the second being No. 399,543, dated March 12, 1889.   The principal object of the invention described in the patent of 1882 was to enable persons who use opera-glasses to hold them to the eyes in such a manner as not to raise the hand higher than the breast when using the glass, or to permit the arm to rest upon the arm of the chair.   A second object was to construct the handle so that it could be folded up in a small compass. It was a detachable handle, made in telescopic sections.   The upper end of the handle was a cylinder, in which was a piston, and upon the lower end of the piston was a spring.   A hook was upon the other end of the piston, which was adapted to clutch one side of the transverse bar of an opera-glass, while the other side was grasped by a bifurcated slot or notch on the upper end of the cylinder. .  The spring pulls the hook towards the notch, and clutches between them the bar of the opera-glass.   The claims are as follows:

"(1) The combination of an opera-glass with a detachable handle for holding said glass to the eyes of the holder, substantially as described.   (2) The combination of an opera-glass with a detachable handle, the handle being arranged at any suitable angle that will adapt the glass to the position of the eyes when held in either hand, as shown and described.   (3) The combination of an opera-glass with an adjustable handle, the said handle being adapted to be elongated at will, substantially as described.   (4) The combination with an opera-glass, A, of the handle, B, in sections, as described and arranged, to close telescopically, the end section thereof provided with a fastening device or clutch in the manner set forth.   (5) The combination with an opera-glass of the handle made in telescopic sections, and adapted to close telescopically, the end section forming a cylinder in which are placed a spring, piston, and hook, all arranged as set forth.   (6) The combination with an opera-glass of a handle made in sections, and arranged to close telescopically, the end section being provided with clutching devices, and the section itself at its end being provided with a bifurcated slot, for the purpose set forth and described. (7) As an article of manufacture, an opera-glass handle, made in sections, and provided at its end with clutching devices, substantially as described."

Prior to the patentee's invention there had been in use a non-extensible detachable opera-glass handle, made by one Standike, which consisted of two cross-pivoted jaws, which grasped the transverse bar of the opera-glass, and a sliding hollow handle, which opened and closed the cross-pivoted jaws.   The same mechanic had made a telescopic detachable spy-glass handle, which had been in use, and is known in this case as "Standike's cane and spy-glass."   Both these articles were made and used in this country.   The patentee was not, therefore, the pioneer inventor in either detachable or in telescopic detachable opera-glass handles, and his patent is to be construed accordingly.   His invention consisted in a detachable opera-glass handle, made in telescopic sections, the end

section being provided with the fastening device, consisting of a piston hook and slot, or their equivalent, the hook and slot being brought together by means of a spring; but the means by which the hook and slot are fastened together are not of the essence of the invention. It is not necessary that a spring should be used to cause the hook and slot to approach one another; other like means are properly within the scope of a portion of the claims of the patent.

The first, second, third, and seventh claims are very broad, and, unless limited to the patentee's clutching device upon the end section, are anticipated by one of the Standike devices which have been mentioned. The fourth claim is for a sectional, telescopic, detachable opera-glass handle, the end section of which is provided with the described fastening device or clutch, which consists of the hook and slot, secured by a spring or other means. The construction of the fifth claim is not important in this case, as the claim requires a spring, and therefore was not infringed. The sixth claim was intended to be a narrower claim than the fourth, in that the end of the end section must have a bifurcated slot; but, as I consider the fastening device upon the end of the section, which consists of the piston with its hook and the slot, or their equivalent, to be the important portion of the invention, and to be included in the fourth claim, the fourth and sixth claims are substantially alike. The defendants have made and sold four kinds of holders, known as "A," "B," "C," and "Specimen Respondent's Manufacture." Each one, except C, is a detachable handle, made in telescopic sections, the upper section being cylindrical, in the upper end of which is a piston, upon one end of which is a hook. A bifurcated slot or notch is upon the end of the section. In A a set-screw, fitted in the collar at the outer end of the inner tube, locks the piston when the hook portion is brought in contact with the cross-bar of the opera-glass. In B a screw and nut upon the piston are used. In "Respondent's Manufacture" a screw is used, which is operated by a nut projecting from the cord of the inner section, and which moves the piston and hook out and in. In C the hook and slot do not exist, but there is a detachable screw-loop, the open ends of which are screwed together. All the exhibits, except C, have the essential elements of the invention, and are infringements of the fourth and sixth claims.

The patent of 1889 describes another kind of detachable handle, made in telescopic sections or in one section. The upper end section has a longitudinally forked end, which fits into a socket on the bar of the opera-glass. The arms of the fork spring apart slightly, so as to fit tightly into the socket. The interior of the tubular sections are longitudinally corrugated or serrated, and their inner ends, upon their outer peripheries, are provided with collars having longitudinal corrugations, which slide in the interior corrugations of the sections, and thus prevent the sections from turning or twisting. The inner ends of the sections are provided with outwardly springing ends, which cause sufficient friction between the parts to hold the sections at the desired adjustment. The claims are as follows:

"(1) An opera-glass holder, consisting essentially of a rigid body portion having its upper outer end longitudinally bifurcated, forming spring legs or arms tending to spring apart, and adapted to snugly and removably fit in the herein-described tube or socket of an opera-glass, and thereby rigidly hold the same in position, as set forth. (2) An opera-glass holder, comprising telescope sections having exterior and interior intermeshing corrugations, the section at one end having its outer end longitudinally bifurcated to engage the yoke-piece of an opera-glass, said bifurcated end having a soft lining, and the section at the opposite end serving as a handle, substantially as described. (3) An opera-glass holder, comprising telescopic sections, one or more of which are provided with exterior corrugated collars having outwardly springing ends, and sliding in adjoining sections, the section at end being longitudinally bifurcated to hold the yoke-piece of the opera-glass, and the opposite end section serving as a handle, substantially as described. (4) An opera-glass holder, comprising telescopic sections, the section at one end serving as a handle, and the opposite end section adapted to removably hold the glass, for the purpose set forth, the inner ends of said section being provided with serrations or corrugations sliding in similar corrugations in the interiors of the adjoining sections. (5) An opera-glass holder, comprising telescopic sections, the section at one end serving as a handle, and the opposite end section adapted to be removably secured to a cross-piece of a glass, the inner ends of said sections being provided with exterior or interior intermeshing corrugations and outwardly springing ends, as described."

The important part of the improvements consisted in the longitudinally forked end of the upper section of the detachable telescopic handle. The corrugated collars and outwardly springing ends are frictional devices to hold the sections together and prevent twisting, are well known, and have been often used in pencil cases and similar articles made in telescopically sliding sections. There is nothing patentable in adding these collars and springing ends to the opera-glass holder of 1882. The fourth and fifth claims are those which are said to have been infringed. If these claims manifest patentable invention, in view of the patent of 1882, and of the previous state of the art, it is only when they are limited to a handle in telescopic sections, having a longitudinally forked attaching device at the end of the upper section. The defendant's handles, which have already been described, do not have this longitudinally forked end, but have the slot and hook of the 1882 patent, and consequently do not infringe. Let there be a decree for an injunction against the further infringement of the patent of 1882, and for an accounting as to the infringement of the fourth and sixth claims thereof. So much of the bill as relates to the patent of 1889 will be dismissed. Each party prevails upon one of the patents, and the question of costs will be reserved until final decree.