## MACK *v.* LEVY *et al.*

*(Circuit Court, S. D. New York. March 21, 1892.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—OPERA-GLASS HOLDERS

It is doubtful whether letters patent No. 268,112, issued November 28, 1882, for an improved opera-glass holder, consisting of a detachable handle, provided with a fastening device consisting of a piston hook and notch on the end, brought together by a spring operated by longitudinal action, are infringed by a fastening device consisting of two jaws, one pronged or bifurcated, and the other with a uniform surface made to hold the bar of the opera-glass, substantially by lateral pressure, by means of a piston screw.

In Equity. Under a bill filed by William Mack, an injunction was granted May 20, 1890, restraining Levy, Dreyfus & Co. from infringing a patent by making several forms of opera-glass holders denominated "A," "B," etc., but excepting "C," in which the hook and notch of the patent do not exist, but consist of a detachable screw loop, the open ends of which were screwed together, (see 43 Fed. Rep. 69.) Motion to attach them for contempt in manufacturing a holder consisting of two jaws, etc. Denied.

*H. A. West,* for plaintiff.

*James A. Hudson,* for defendants.

SHIPMAN, District Judge. This is a motion for attachment for contempt by reason of the alleged violation of the injunction order of this court against the infringement of letters patent No. 268,112, dated November 28, 1882, to William Mack, for an opera-glass holder. The opinion of the court in the original case gives a description of the invention and the construction of the patent. 43 Fed. Rep. 69. The invention of the plaintiff is popular with the public, if the number of imitations is a fair criterion of its success. The defendants' opera-glass holder, at the sale of which the present motion is directed, consists of a detachable handle, made in telescopic sections, the end section being provided with

the fastening device. This consists of a piston screw, which causes the two jaws of a holder, one of them pronged or bifurcated, and the other of uniform surface, to approach or recede from each other laterally. Between the jaws of this holder the cross-bar of the opera-glass is placed and held. The ends of the bifurcated jaw are provided with projections which the plaintiff regards as hooks. The defendant, in reply to the charge of infringement, says that the two jaws of the fastening device are brought together laterally, whereas, in the patented device, the hook is made to approach a fixed lower jaw (called a "slot" in the patent) by longitudinal action. The hook is pulled down by the spring, and the edges of the bar are tightly grasped between the hook and the slot. If the patented device is limited, by the terms of the patent, to a longitudinal action, there is no infringement, for the new device must operate laterally, and it grasps the sides of the bar by lateral pressure. The mere fact that the means by which the two jaws are caused to hold the bar, is in the one case a spring, and in the other a screw, which operates laterally, is not important. As was said in the preceding opinion, the means by which the hook and slot are fastened together are not of the essence of the invention, and it is not necessary that a spring should be used, for other like means are properly within a portion of the claims of the patent. The piston hook and slot are the important parts of the invention. But there must be a hook, which acts substantially as a hook in holding the bar in place, or its equivalent. I do not think that it will be claimed that, if the bar is grasped and held solely by the lateral pressure of the jaws, these jaws are an equivalent for the hook and slot of this patent. And therefore, if the two jaws of the new device act as a holder, solely or substantially by lateral pressure, there is no infringement. And here is the vital question in the case, and the importance of the fact of lateral pressure. Is the holding of the bar effected substantially by that method, and not by any hooking device, and are the projections merely supplementary in aid of the lateral pressure, but not worthy of reliance as a grasping device? I have taken some pains to look into this part of the case, which is easily capable of examination. When the cross-bar is wider than the jaw, it is held by mere lateral pressure, and the projections are useless as holding devices. When the bar is of the same width as the jaw, the projections are helpful in preventing tilting, and, to a certain extent, aid in holding the bar, but the chief reliance is and must be upon lateral pressure. When the bar is narrower than the jaw, the projections stop a tilting or sidewise motion of the bar, but they do not act as hooks to grasp it. I am thus constrained to think that in this device the grasping and holding are substantially effected by lateral pressure, and that the projections do not perform the function of hooks to grasp and hold the bar of the opera-glass. There is, certainly, so much reasonable doubt in the case that a motion of attachment should not be granted. The motion is denied.