MACK v. LEVY et al.

(Circuit Court, S. D. New York. January 15, 1894.)

1. PATENTS—ANTICIPATION—PRIOR USE.
    Any reasonable doubts as to the time at which an alleged anticipating device was constructed should be resolved in favor of the patent.

2. SAME—INFRINGEMENT SUITS—ESTOPPEL—CONTEMPT PROCEEDINGS.
    A decision, in contempt proceedings, that a certain device is not an infringement, is not an estoppel in a subsequent suit between the same parties for infringement by the manufacture or use of the same device.

3. SAME—ANTICIPATION—OPERA-GLASS HOLDERS.
    The Mack patent, No. 268,112, for an opera-glass holder, *held* not anticipated.

In Equity. Suit by William Mack against Levy, Dreyfus & Co. for infringement of a patent. Decree for complainant.

H. Albertus West, for orator.

James A. Hudson and Edmund Wetmore, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 268,112, dated November 28, 1882, and granted to the orator for an opera-glass holder, on an application dated April 29, 1882. The patent was before this court, held by Judge Shipman, in a suit between these same parties, in which the patent was sustained, but limited in scope by a supposed prior construction of one Stendicke, (Mack v. Levy, 43 Fed. 69;) and, again, on contempt proceedings in that case, when what is now alleged to be an infringement was alleged and not held to be, (Mack v. Levy, 49 Fed. 857;) and before this

court, held by Judge Coxe, when, on new evidence, the construction of Stendicke was discredited, and the patent sustained with a broad scope, which would include this infringement, (Mack v. Manufacturing Co., 52 Fed. 819;) and, again, on motion with affidavits to open that case, and let in proofs of an alleged prior construction by one Shoots, which was discredited, and the motion denied. The holder produced by Shoots, and one produced by one Cushing, as made by him early in 1881, have been set up now as anticipations; and either would, if established, apparently so narrow the scope of the patent as to obviate this infringement. The production of the holder of Shoots is somewhat involved by the evidence with the political campaign of either 1880 or 1884, and this evidence tends so strongly towards 1884 as to raise a very reasonable doubt whether this holder was made before the orator's invention in 1882.

The holder produced by Cushing is testified by him to have been made by him, ready for a cover to the handle, which a harness maker put on, and to have been presented to his then future wife before her birthday in 1881, and to whom he was married December 26, 1881; to have been used by both in theaters, and kept by her afterwards, and, after 1886 or 1887, in a blue plush bag, with her opera glasses, until she died, in 1890. The harness maker testifies to covering the handle with leather at that time. The wife's sister, in an affidavit, testified to seeing it in the plush bag in 1888, and on inquiry, before the taking of her deposition, gave that as the date of her earliest knowledge of it. In her deposition she testifies to seeing it in the blue plush bag in the summer of 1882, and to seeing it and using it with her sister frequently in 1888. These are the only witnesses who testify to having seen it before it was produced to be put in evidence. It is of brass, made of two tubes, one smaller than and sliding into the other, which is the handle, with a collar between on the larger, holding them together, and a clutch at the end of the smaller to take hold of an opera glass. On a disk forming the outer end of the handle are engraved the given name of the wife, between the date of her birth, May 2, and the year 1881, which he testifies he put there before giving the holder to her; and the leather has been replaced by kid glued on, covering the handle closely from the disk to the collar. As the wife's sister does not testify to seeing it out of the plush bag before 1888, her testimony, however honest in purpose it may be, is not at all convincing that it existed so early as 1882. The harness maker, who is a justice of the peace, being asked when Cushing was married, answered: "Well, from recollection, he was married in 1881." Being asked what he meant by that, he answered, "From recollection, by recalling it by talking with him at the time I gave my affidavit;" and, being asked what transpired between him, Cushing, and another before that, answered, "Nothing any more than Mr. Cushing asked me if I recollected about covering a certain holder, and, by conversation with him, I recall it when he described it." These frank statements show that, although he is doubtless correct about having done such a thing for Cushing, as to time and description which are very material here, he depends largely upon Cushing.

The engraving on the disk looks as old as is claimed, and the wear upon the ornamentation about it looks equally old or older. They strongly support the claim of age, so far as their identity with the instrument is established. They seem older than the other parts. The covering of the handle is testified by experts to be much newer than it is said by Cushing to be, while others testify that this cannot be told. To the eye it does seem comparatively new. The disk appears to be soldered to the tube forming the handle with soft solder, and the joint between the tube and collar at the other end and all other joints to be brazed. These things tend to discredit the continuous identity of this holder. Such an instrument, so publicly used as this is said to have been, would be likely to draw attention, and that no more are produced who ever saw it is singular. Upon much consideration of the whole, doubts which seem quite reasonable also arise as to whether this holder existed before the orator's invention. That such doubts are to be resolved in favor of the patent is too well settled to be, and is not here, controverted. With these things out of the way as anticipations, this case is the same as that decided by Judge Coxe, and not the same as that decided by Judge Shipman.

The decision by Judge Shipman on the proceedings for contempt, being in a suit between these same parties, is relied upon as conclusive against this alleged infringement; otherwise, no suggestion is understood to be urged that the decision by Judge Coxe should not be followed. Neither the Stendicke device, as an anticipation, nor the decree made by Judge Shipman, limiting the scope of the patent upon it as an estoppel, is brought by the defendants into this case. The proceedings for contempt were in their nature criminal, and not a part of the suit; and the decision upon them would be upon the question of guilt or innocence, and not a part of the decree. The question of infringement, although involved, obviously was not intended to be, and would not be, thereby concluded. Cromwell v. County of Sac, 94 U. S. 351.

Let a decree be entered for the orator.